In re Russell ELKINS, Jr., Debtor.

James HOERNER, Trustee, Plaintiff,

v.

Russell ELKINS, Jr., Janet Elkins and Edward Zaagman, Defendants.

Bankruptcy NO. SG 87–01773.
Adv. No. 87–0539.

United States Bankruptcy Court,
W.D. Michigan.

Dec. 13, 1988.

---

Thomas C. Clinton, Varnum, Riddering, Schmidt and Howlett, Grand Rapids, Mich., for trustee.

James R. Miller, American Bankruptcy Center, P.C., Grand Rapids, Mich., for debtor.

Harold Knoor, Grand Rapids, Mich., for Edward Zaagman.

## MEMORANDUM OPINION AND ORDER GRANTING EDWARD ZAAGMAN'S COUNTER–MOTION FOR SUMMARY JUDGMENT AND DENYING THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

JO ANN C. STEVENSON,
Bankruptcy Judge.

This matter is now before the Court upon the Trustee's Motion for Summary Judgment as to Defendant Edward Zaagman, land contract vendor, and Mr. Zaagman's Cross Motion for Summary Judgment against the Trustee. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

In the Court's Opinion entered June 1, 1988, 94 B.R. 932, in the above adversary proceeding, we decided that Debtor Elkins was not entitled to claim an entireties exemption in the real property at issue because, under applicable Michigan law, the entireties property would not be exempt from process as required by 11 U.S.C. § 522(b)(2)(B). We further determined that the transfers were fraudulent under Michigan law and, thus, the Trustee could avoid the transfers as to the Elkins as well as to the Suttorps.[1]

The issue now before me is whether the Trustee can recover the $15,000.00 directly from land contract vendor Zaagman. I hold that the answer is no.

The Trustee did not contravene Mr. Zaagman's affidavit which stated that (1) at the time of the closing on the real estate, Mr. Zaagman did not know the source of the buyer's down payment and was unaware of the buyer's financial condition; (2) the premises are reasonably worth the $67,900.00 sale price; and (3) he sold the premises to Mr. and Mrs. Elkins in good faith for present fair equivalent value and had no intent to hinder, delay or defraud any creditors of the buyers.

While not disputing the above statements or offering any evidence in opposition thereto, the Trustee argues that Mr. Zaagman is not protected under the Michigan Fraudulent Conveyance Act, Mich. Comp.Laws Ann. §§ 566.11–.23 (West 1967). Specifically, the Trustee contends that Mr. Zaagman may not seek refuge under Mich.Comp.Laws Ann. § 566.19 (West 1967) which states:

§ 566.19 Rights of creditors whose claims have matured.

Sec. 9. (1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person *except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase,* or one who has derived title immediately or mediately from such purchaser;

(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

(b) Disregard the conveyance and attach or levy execution upon the property conveyed.

(2) A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment. (MCL § 566.19; CL '29, § 13400.) (emphasis added)

The argument is that Mr. Zaagman is not a "purchaser" as he did not "purchase" but rather sold the property in question on land

---

**1.** While the Court's June 1, 1988, Opinion refers to both Suttorp and Elkins, we are only concerned here with Debtor Elkins.

contract. I would decline to read the term "purchaser" so narrowly.

Although not defined in the Michigan Fraudulent Conveyance Act, "purchaser" is defined by both the Michigan Uniform Commercial Code and the Bankruptcy Code.[2]

The receipt of the $15,000.00 by Mr. Zaagman from Mr. & Mrs. Elkins constitutes a purchase under both the Bankruptcy Code and the UCC definitions. Under 11 U.S.C. § 101(37) Mr. Zaagman qualifies as "the transferee of a voluntary transfer." And pursuant to Mich.Comp.Laws Ann. 440.1201(32) and (33), he is also a person who took by a "voluntary transaction creating an interest in property."

Having found that Mr. Zaagman is a purchaser and that he gave fair consideration without knowledge of the fraud at the time of the purchase, he would be protected by Mich.Comp.Laws Ann. § 566.19 (West 1967) of the Michigan Fraudulent Conveyance Act.

As such he could retain the $15,000 pursuant to Mich.Comp.Laws Ann. § 566.19(1) (West 1967) with the Trustee having a lien on the property in the amount of the set-aside $15,000.00 exemption. *McCaslin v. Schouten,* 294 Mich. 180, 189, 292 N.W. 696 (1940).

As this is a bankruptcy proceeding, however, the Trustee's right to recover the $15,000.00 from Mr. Zaagman must be analyzed pursuant to 11 U.S.C. § 550 which governs whether the transfer was avoided pursuant to § 544(b) and state law, as occurred here, or pursuant to § 548. Section 550(a) and (b) state:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

(b) The trustee may not recover under section (a)(2) of this section from—

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

(2) any immediate or mediate good faith transferee of such transferee.

The Trustee contends that Mr. Zaagman was the initial transferee pursuant to Section 550(a)(1) and, thus this Court's findings as to having given value and being without knowledge do him no good.

This Court disagrees. To properly analyze the fraudulent transaction which occurred here one must understand the purpose of constructive fraudulent transfer law.

The purpose of this branch of fraudulent transfer law is to protect the asset base of a debtor for the benefit of unsecured creditors who lend on the general financial strength of the borrower. It prevents a debtor from giving away the debtor's assets, or selling or encumbering them for less than fair equivalent value, where such a transfer would imperil the ability of the debtor to repay the debtor's unsecured debts.

The vice of this kind of fraudulent transfer is that it perpetrates a wrong on the unsecured creditors of the transferor, by transferring away assets to which the creditors could otherwise look for payment of their claims. If the transfer leaves the debtor insolvent, or nearly so, the creditors' ability to obtain payment is

---

**2.** Mich.Comp.Laws Ann. § 440.1201(32) (West Supp.1988) states as follows:

"Purchase" includes taking by sale, discount, negotiation, mortgage, pledge, lien, issue or re-issue, gift, or any other voluntary transaction creating an interest in property.

And Mich.Comp.Laws Ann. § 440.1201(33) (West Supp.1988) explains that,

"Purchaser" means a person who takes by purchase.

The Bankruptcy Code, 11 U.S.C. § 101(37) allows:

"Purchaser" means transferee of a voluntary transfer, and includes immediate or mediate transferee of such a transferee.

**938**

jeopardized. The party who receives the transfer or that is benefited by it, in contrast, receives an unjust enrichment. *In re Parkway Calabasas, Ltd.,* 89 B.R. 832, 838 (Bkrtcy.C.D.Cal.1988).

█ Here the fraudulent transfer occurred not when Mr. & Mrs. Elkins purchased property from Mr. Zaagman on land contract. Rather, the fraudulent transfer occurred when Debtor Elkins, while insolvent, took $15,000.00 which would have been available to pay his creditors and transferred that money to himself and his wife as tenants by the entirety. Or, stated in another way, the fraudulent transfer was not from Mr. & Mrs. Elkins to Mr. Zaagman but from Mr. Elkins to the husband and wife entity of Mr. and Mrs. Elkins. Thus under 11 U.S.C. § 550(a)(1) the husband and wife entity of Mr. & Mrs. Elkins is both the initial transferee as well as the entity for whose benefit the fraudulent transfer was made. Accordingly, land contract vendor Zaagman pursuant to Section 550(a)(2) is the immediate or mediate transferee. Having taken for value, in good faith, and without knowledge of the voidability of the transfer previously avoided by this Court, he is protected by 11 U.S.C. § 550(b)(1).

Based on the reasons cited above, Now, Therefore,

IT IS HEREBY ORDERED that Defendant Land Contract Vendor's Counter Motion for Summary Judgment be and hereby is granted; and

IT IS FURTHER ORDERED that Plaintiff/Trustee's Motion for Summary Judgment against Defendant Land Contract Vendor Edward Zaagman be and hereby is denied.